

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Chelsea D. Coleman*
*Assistant U.S. Attorney*

CDC/PL AGR
2021R01024

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

**RECEIVED**
MAY 2 1 2025
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

April 4, 2025

Robert G. Stahl, Esq.
Stahl Gasiorowski
        Criminal Defense Lawyers P.C.
53 Cardinal Drive, 3rd Floor
Westfield, New Jersey 07090

Peter J. Thompson, Esq.
Thompson Law Advocates, P.C.
1500 Walnut Street
Philadelphia, Pennsylvania 19102

Re:   Plea Agreement with Abda Moving LLC d/b/a 11Even
        Movers & Storage      25-CR-325 (ZNQ)

Dear Counsel:

This letter sets forth the plea agreement between your client Abda Moving LLC d/b/a 11Even Movers & Storage ("11Even Movers") and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on **April 18, 2025**, if the parties do not execute the agreement on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from 11Even Movers to an Information that charges 11Even Movers with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If 11Even Movers enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, this Office: (1) will not initiate any further criminal charges against 11Even Movers or its officers, agents, and employees, including Abdalh Abuawad and Abdal Abuawad, for, from in or around December 2020 through in or around December 2021, for their respective roles in a scheme to defraud their moving customers, and (2) will file an Order for dismissal of the criminal complaint

against Abdal Abuawad and Abdalh Abuawad in the case bearing docket number 21-mj-10558.

But if a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against 11Even Movers even if the applicable statute of limitations period for those charges expires after 11Even Movers signs this agreement, and 11Even Movers agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which 11Even Movers agrees to plead guilty carries a maximum term of probation of five years, and a statutory maximum fine which is the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on 11Even Movers, the sentencing judge: (1) will order 11Even Movers to pay a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B), which must be paid by the date of sentencing; and (2) may order 11Even Movers to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*

Agreed Disposition

This Office and 11Even Movers agree that the appropriate disposition of this case is as follows (the "Agreed Disposition"):

(1)   **Restitution:** Pursuant to U.S.S.G. § 8B1.1(a) and 18 U.S.C. § 3663(a)(3), as a result of engaging in a conspiracy to defraud its moving customers, 11Even Movers agrees to pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of the offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), 11Even Movers agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

(2)   **Fine:** Pursuant to U.S.S.G. § 8C3.3(a), the imposition of a fine would impair 11Even Movers' ability to make restitution in this matter. Therefore, no fine shall be imposed.

(3)    **Probation:** 11Even Movers shall not be subject to a term of probation.

This Office and 11Even Movers agree that the Agreed Disposition is reasonable, and the appropriate disposition in this case. The sentence to be imposed upon 11Even Movers is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence 11Even Movers ultimately will receive.

Stipulations

This Office and 11Even Movers will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond at sentencing to questions from the Court and to correct at sentencing or through a timely motion under Federal Rule of Criminal Procedure 35(a) factually inaccurate information that has been provided to or adopted by the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

- 3 -

## Waiver of Appeal and Post-Sentencing Rights

If the Court sentences 11Even Movers to the Agreed Disposition, neither party will appeal that sentence. 11Even Movers further agrees that, in exchange for the concessions this Office made in entering into this plea agreement, it will not challenge its conviction for any reason by any means, other than ineffective assistance of counsel, and it will not challenge or seek to modify any component of its sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a coram nobis petition, or any other petition or motion, however captioned, that seeks to attack or modify any component of the judgment of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the Court's acceptance of those stipulated facts.

## Corporate Authorization

11Even Movers agrees that it is authorized to enter into this agreement, that it has authorized the undersigned corporate representatives, Robert G. Stahl, Esq., and Peter J. Thompson, Esq., to take this action, and that all corporate formalities for such authorization have been observed. By entering this guilty plea, 11Even Movers hereby waives all objections to the form of the charging document and admits that it is in fact guilty of the offense charged in the Information.

11Even Movers has provided to the United States a certified copy of a resolution of the governing body of 11Even Movers, affirming that it has authority to enter into this agreement and has: (1) reviewed this plea agreement; (2) consulted with legal counsel in this matter; (3) authorized execution of this agreement; (4) authorized 11Even Movers to plead guilty to the Information; and (5) authorized Robert G. Stahl, Esq. and Peter J. Thompson, Esq. to execute this agreement and all other documents necessary to carry out the provisions of this agreement. A copy of this resolution is attached hereto as Exhibit A.

## No Other Promises

This agreement and the Exhibit hereto constitute the plea agreement between 11Even Movers and this Office and together their terms supersede any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:    /s/ *Chelsea D. Coleman*
      Chelsea D. Coleman
      Assistant U.S. Attorney

APPROVED:

Joshua L. Haber
Deputy Chief, Criminal Division

I am the authorized corporate representative for Abda Moving LLC d/b/a 11Even Movers & Storage ("11Even Movers"). I have received this letter. I have read the letter and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, fine, and waiver. I understand this letter fully. On behalf of and with the express authorization of 11Even Movers, I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. 11Even Movers understands that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. 11Even Movers wants to plead guilty pursuant to this plea agreement.

I have had no involvement whatsoever in the business or operations of 11Even Movers or any of its affiliates, and I have no knowledge of the facts or circumstances set forth in this agreement. My execution of the agreement is solely in my capacity as an authorized person on behalf of 11Even Movers, solely for the purpose of binding 11Even Movers to this agreement. I have no fiduciary duties, agency, authority, rights, powers, or privileges with respect to 11Even Movers or any of its affiliates other than the authority to sign this agreement on behalf of 11Even Movers.

_____    Date: 4/16/25
Robert G. Stahl, Esq.
Counsel for Abda Moving LLC d/b/a
11Even Movers & Storage


_____    Date: 4/22/25
Peter J. Thompson, Esq.
Counsel for Abda Moving LLC d/b/a
11Even Movers & Storage

Plea Agreement With Abda Moving LLC d/b/a 11Even Movers Storage ("11Even Movers")

Schedule A

The United States and 11Even Movers agree to stipulate to the following facts:

1.    At all times relevant to this agreement, 11Even Movers is a privately held corporation, which was incorporated in New Jersey in or about January 2021. 11Even Movers engages in the business of moving household goods.

2.    From in or around December 2020 through in or around December 2021, 11Even Movers knowingly and intentionally conspired and agreed with others to devise a scheme and artifice to defraud, and to obtain money and property from moving customers (the "Victims"), by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds.

3.    Once the Victims entered into contracts for moving services with household goods brokers (the "Brokers") and received an initial estimate for the cost of moving services, 11Even Movers and its co-conspirators obtained the Victims' contracts from the Brokers for execution of the moving services.

4.    During the agreed-upon move date, or sometimes after the agreed-upon move date, 11Even Movers would arrive at the Victims' residences and load household goods onto its moving trucks. 11Even Movers would then drastically raise the price of the move and refuse to deliver the Victims' goods until the Victims' paid the increased price.

5.    To execute the contracted moving services, 11Even Movers arrived at Victims' residences, loaded the Victims' household goods into moving trucks, and then drastically increase the cost of the move (often two or three times that of the quoted estimate), contrary to 49 C.F.R. § 375.

6.    11Even Movers would communicate with the Victims via telephone and email communication.  11Even Movers would communicate with the Victims via telephone and demand the Victims pay the inflated charge.

## Exhibit A

## RESOLUTIONS OF ABDA MOVING LLC D/B/A 11EVEN MOVERS & STORAGE

**WHEREAS**, Abda Moving LLC d/b/a 11Even Movers & Storage ("11Even Movers") is a limited liability company;

**WHEREAS**, 11Even Movers is a defendant in that certain criminal prosecution captioned *United States v. Abda Moving LLC*, and has been offered a plea agreement to resolve the prosecution (the "Plea Agreement");

**WHEREAS**, pursuant to the Plea Agreement, 11Even Movers will pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of the offense, and agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing;

**WHEREAS**, 11Even Movers is required to execute the Plea Agreement;

**NOW THEREFORE IT IS:**

**RESOLVED**, that 11Even Movers be, and hereby is, authorized and empowered to enter into the Plea Agreement with the Office;

**RESOLVED**, that 11Even Movers' execution, delivery, and performance of the Plea Agreement, including pleading guilty to the Information subject to the conditions set forth in the Plea Agreement, be and hereby are approved in all respects;

**RESOLVED**, that Robert G. Stahl, Esq., and Peter J. Thompson, Esq., outside legal counsel for 11Even Movers, are authorized, empowered and directed, on behalf of 11Even Movers, (i) to execute and deliver the Plea Agreement with the Office, and all other documentation required to be executed by legal counsel in connection with the Plea Agreement; and (ii) to take all actions necessary or appropriate for the execution, delivery, and performance of the Plea Agreement; and

**IN WITNESS WHEREOF,** the undersigned have executed this Action by Written Consent as of the date first above written.

DATED: _4/16/25_   BY: _____

Robert G. Stahl, Esq.

DATED: _4/22/25_   BY: _____

Peter J. Thompson, Esq.